```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF FLORIDA
```

Byron Walker,                          :

    Petitioner,                      :

v.                                     :   Case No. 93-123-CR-DTKH

United States of America,              :   **14-21738-CIV-HURLEY/WHITE**

    Respondents.                     :

                                   :

## MOTION TO VACATE, SET-ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255

Comes now, Petitioner, Byron Walker, Pro-se (Hereinafter, Petitioner or Walker) respectfully submits this instant motion to vacate, set-aside, or correct an invalid sentence, his "motion to vacate sentence", pursuant to 28 U.S.C. § 2255.

Petitioner ask this Honorable Court that his 28 U.S.c. § 2255 motion being analyze under, Davis v. United States, 417 U.S. 333, 342, 41 L Ed 2d 109, 94 S. Ct 2298 (1974), eventhough the legal issue raised in a § 2255 motion was determined against [the applicant] on the merits on a prior application the applicant may [never-the-less] be entitled to a hearing upon showing an intervening change in the law.--

Under 28 U.S.C. § 2255, a petitioner may seek post-Conviction relief from his sentence in three instances: (1) where there is new evidence (2) an intervening change in controlling law dictating a different result (3) or the appellate decision, if implemented, would cuase manifest injustice because it is clearly erroneous. Litman v. Mass. Mut. Life Ins. Co., 825 F.2d 1506-10(11th Cir. 1987).

-1-

. . . <u>United States v. Addonizio</u>, 442 U.S. 178, 185, 99 S. Ct. 2235 60 L.Ed 2d 805 (1979)(Citing, <u>Hill</u>, 368 U.S. at 428). The Miscarriage of Justice claim may have its source in the Constitution or in law of the United States. <u>Davis v. United States</u>, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L. Ed 2d 109 (1974). Where a conviction and punishment are for an act that the law does not make criminal, "Such a circumstance inherently results in a complete miscarriage of justice and present[s] exceptional cicumstances that justify collateral relief under § 2255." Id. at 347 (Quotations omitted). A viable habeas claim exists under § 2255 where a conviction is rendered invalid by an intervening change in the law. Id. at 342.

## INTRODUCTION

This matter is before the district court where petitioner seek relief because an intervening change in the law, in light of the Supreme Court decision in <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 186 L. Ed 2d 314 (2013), in which it overruled its previous decision in <u>Harris v. United States</u>, 536 U.S. 545, 122 S. Ct. 2406, 153 L Ed 2d 524 (2002), and the Eleventh circuit precedent, <u>Spero v. United States</u>, 375 F.3d 1285, 1286 (11th Cir. 2004), and concluded that: (a)ny fact that, by law increase the penalty for a crime is a "element" that must be submitted to the jury and found beyond a reasonable doubt.

Mandatory minimum sentence increase the penalty for a crime. It follow, then, that any fact that increase the mandatory minimum is an element that must be submitted to the jury. 133 S. Ct. at 2155.

-2-

United States v. Jordon, 488 Fed. Appx. 358, U.S. App. Lexis 17559 (11th Cir. Ga. 2012), both jordon and Smarr were found guilty of conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii)(ii), the district court sentence Jordon to 240 months, and Smarr to ten years, (Contrary to what the jury had found).

Jordon and Smarr appealed, arguing that the drug quantity attributed to them at sentencing was based on judicial fact finding and "contrary to the jury verdict.

The Eleventh Circuit affirmed both sentenced, finding that this particular argument merited no discussion because it was foreclosed by binding Circuit precedent. Defendant appealed to the Supreme Court: Supreme Court vacated, 133 S.Ct. 2852 (2013), Alleyne compels that we vacate Jordon and Smarr's sentence and remand to district court for resentenced.

Alleyne de-criminalized the Eleventh Circuit precedent. An enhancement that increase the mandatory minimum sentence.

## PROCEDURAL HISTORY

(1) Mr. Walker, (hereinafter referred to as petitioner) was charged by indictment with one count of conspiracy with intent to distribute a mixture or substance contain a detectable amount of cocaine in violation of 21 21 U.S.C. § 841(a)(1).

(2) Count two of the indictment use and carrying a firearms in relation to, drug trafficking in violation 18 U.S.C. § 924(c)(1).

(3) Count nine of the indictment possession of six silencers in violation of 26 U.S.C. § 5861(d).

(4) The factual situation that lead to this indictment is outlined in many of the uncontroverted pleading of this case.

(5) Mr. Walker entered a not guilty plea and went to trial.

(6) On November 4, 1994, a jury returned guilty verdict as to Count one, two, and nine.

(7) On June 2, 1995, Mr. Walker was sentenced to a total of six hundred twenty four month imprisonment. Mr. Walker was sentenced to a term of two hundred sixty four (264) months as to count one, the drug conspiracy charge.

(8) Mr. Walker was sentenced to a term of imprisonment of three hundred sixty (360) months as to count two, the firearms charge.

(9) Mr. Walker conviction was affirmed on September 2, 1999.

(10) On September 26, 2001, Mr. Walker file 28 U.S.C. § 2255 motion to vacate, set-aside, or correct sentence.

(11) On July 5, 2005, Mr. Walker file 28 U.S.C. § 2241, motion to challenge 18 U.S.C. § 924(c) enhancement.

(12) On February 7, 2006, Mr. Walker file 28 U.S.C. § 2244 ask Eleventh Circuit for permission to file a second or successive base on retroactivity on Blakely v. Washington, and United States v. Booker.

(13) On March 8, 2010, Mr. Walker file a Rule 60(b) motion ask district court to reopen judgment,

(14) An August 2, 2011, Mr. Walker asserted that he is actual and factual innocent of the 30 years enhancement sentenced for using and carrying a machine gun.

(15) On June 7, 2012, Mr. Walker file 28 U.S.C. § 2255 motion an ineffective assistance of counsel for not communicating a plea offer by the government.

## FACTUAL HISTORY

(16) Just as the procedural history of this case is straight forward, the underlying facts which use to support this case are fairly straight forward and substantially controverted in the court file. The government's theory was that petitioner was a active participant from a group of men from New York who travel to South Florida to rob drug dealer.

(17) While petitioner's vehemently denied the government allegation and objected to drug amount and machine gun enhancement the government used at sentencing.

(18) Petitioner claim his indictment did not alleged drug amount, nor did the jury instructed on drug amount, because the government failed to proved those "element" during trial that three hundred kilograms of cocaine was involved in the offense their is no mandatory minimum sentence.

(19) "Contrary to the jury verdict" the district court attributed three humdred kilograms of cocaine base on judicial factfinding, with that petitioner was burdened with an base offense level of 38 and a enhance sentence of two hundred sixty four (264) month imprisonment, and a (360) month enhancement sentence for machine gun that was not alleged in Mr. Walker indictment but later become a sentencing issue after trial, base on Judicial fact finding.

## SUPPORT OF MOTION

(20) Based on the intervening change in Alleyne that de-criminalized judicial finding that increase the statutory minimum, petitioner claim is sentence is invalid and must be vacated.

(21) Count (One) charged petitioners with conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

(22) Which carry a mandatory minimum zero and a maximum of twenty years, the district court imposed a (22) years enhance sentence in violation of the Rule announce in Alleyne v. United States, 133 S. Ct. at 2155, (2013), that any fact that increase the statutory minimum is an element that must submitted to the jury and proven beyond a reasonable doubt.

-6-

(23) Count (two) charged petitioner with using and carrying a firearm during a relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)

(24) Which carry a statutory minimum of (5) years imprisonment, at sentencing. The district court imposed a (30) thirty years enhancement for machine gun that was not charged in the indictment, and proved beyond a reasonable doubt.

(25) Petitioner argued that the district court violated his Fifth and Sixth Amendment right by increasing the mandatory minimum sentence he faced based on the three (3) hundred kilograms of cocaine, the district court found that petitioner responsible for. Rather than the lowest statutory minimum for a non-specific violation for count (one).

(26) Also, the district court violated petitioner's Fifth and Sixth Amendment right by increasing his mandatory minimum sentence he faced based an Machine gun, the district court that petitioner actually use and carry rather than the firearms which petitioners was indicted for in count (two).

(27) Mr. Walker claim that he had a Constitutional right under the United States Constitution to be tried only upon facts alleged in the indictment, Berger v. United States, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L. Ed 1314 (1935); United States v. Reese, 92 U.S. 214, 234 (1875), the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted.

(28) Mr. Walker claim he was never indicted for three hundred kilograms of cocaine, nor was the jury convicted him of cocaine. The same could be said about the machine gun, Mr. Walker was never indicted for a machine gun.

(29) Based up the Supreme Court decision in Alleyne that de-criminalize enhancement that increase the mandatory minimum petition's sentence in unconstitutional and invalid and violated the Rule announce in Alleyne v. United States, 133 S. Ct. 2151, L.Ed 2d 314 (2013), that any fact that increase the mandatory minimum is an element that must submitted to the jury and proven beyond a reasonable doubt.

(30) United States v. Jordon, 488 Fed. Appx. 358, 2012 U.S. App. Lexis 17559 (11th Cir. 2012), Alleyne compels the Eleventh Circuit to vacate Jordon and Smarr's base on Judicial fact finding that increase mandatory minimum.

(31) Mubdi v. United States, 133 S. Ct. 2851, 2013 U.S. Lexis 4848 (2013), Supreme Court vacated, because district court violated Mubdi Fifth and Sixth amendment right when enhance his sentence for drug quantity not alleged in the indictment or proven to the jury beyond a reasonable doubt.

(32) United States v. Daniels, 723 F.3d 574 (5th Cir. 2013) when a find of fact alter the legal prescribed punishment so as to aggravate it forms a constituent part of a new offense and must be submitted to the jury.

Alleyne applicable to this case base an intervening change in the law.

Mr. Walker claim that because of the erroneous enhancement that deprived him of is liberty for the past sixteen years an still incarcerated on a enhancement sentence, he is entitled to immediate release from federal custody.

The district court illegally enhance his sentence for three hundred kilograms of cocaine and machine gun that was not charge in the indictment, but was based on the court fact finding.

## CONCLUSION

This Honorable Court has the jurisdiction and duty to uphold Supreme Court decision in <u>Allenye</u> and vacated Mr. Walker sentence the court imposed in the absence of drug quantity and machine gun alleged in the indictment, and jury find that increase his mandatory minimum sentence.

Respectfully Submitted,

*Byron Walker*
Byron Walker, Pro-se
Fed.Reg.#46692-004
FCI-Fairton
P.O.Box-420
Fairton, NJ 08320

Executed on this 29, day of March 2014

*Byron Walker*

BYRON WALKER #46692-004
FEDERAL CORRECTION INSTITUTION
P.O. BOX 420
FAIRTON, NEW JERSEY 08320

[postmark: hollnj PMDC 080 ZIP / WED 30 APR 2014 PM]

⇔46692-004⇔
Clerk Of The Court
701 Clematis Street
WEST PALM Beach, FL 33401
United States

**FCI Fairton, P.O. Box 420, Fairton,**

Date _____

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or information the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above.

RECEIVED
APR 29 2014
FCI FAIRTON
INMATE SYSTEMS MGMT